FRANCIS W. FROST, substituted administrator *cum testamento*
*annexo*, &c., complainant-respondent,

*v.*

WILLIAM T. BLACKWELL, HELEN B. HOWARD (RODMAN) et al.,
defendants-respondents, and ALICE B. FROST et al., de-
fendants-appellants.

[Argued December 8th, 1913.   Decided March 16th, 1914.]

The language of the will in question in this cause interpreted to in-
dicate the intended payment of a debt or obligation, and not the gift of
a legacy.

---

On appeal from a decree of the court of chancery advised by
Vice-Chancellor Lewis, whose opinion is reported *ante p. 184.*

· The bill is filed by the substituted trustee and administrator
with the will annexed of Sophia H. B. Blackwell, deceased, for
a construction of her will and codicils and for directions in re-
lation to the performance of the trust.

So much of the will as is material to the controversy is as
follows:

"*Sixth.* I also give and bequeath to my nephews, Birney Blackwell and
Frank E. Blackwell, Jr., all the surplus, which may remain from the sale
of property deeded by me to Helen B. Howard or Rodman after the pay-
ment of the debt due by me to my husband, William T. Blackwell; which
said property is situated in Bay City, Michigan, and was conveyed by
me to said Helen B. Howard or Rodman as security for said debt. If
the whole of said property shall not be sold to pay such debt, I give, de-

vise and bequeath such property as shall remain unsold after such pay-
ment, to my said nephews absolutely and forever, and I direct that said
property shall be conveyed to them by said Helen B. Howard or Rodman.

"*Seventh.* All the rest, residue and remainder of my property, I give,
devise and bequeath to my executor hereinafter named in trust, never-
theless for the following uses and purposes, to wit: First, to invest and
reinvest the same and to pay the income thereof to my husband, William
T. Blackwell, as long as he shall live; second, after the death of my
said husband, I direct that said property shall be divided by my said
executor between my nieces, Alice B. Blackwell and Jennet D. Black-
well, equally, share and share alike, or the issue of such as shall be dead,
a child or children taking his, her or their mother's share."

The first codicil, dated May 15th, 1903, contains the follow-
ing provisions:

"*First.* I direct my executors named in my said will to pay to Helen
B. Howard or Rodman the sum of ten thousand dollars ($10,000) upon
her deeding to my nephews, Birney Blackwell and Frank E. Blackwell,
Jr., all the property deeded by me to her and situated in Bay City, Mich-
igan. The said property in Michigan was deeded to said Helen B. Howard
or Rodman by me as security for the payment of the sum of ten thousand
dollars ($10,000), and upon the return thereof, as above stated, the said
sum of ten thousand dollars ($10,000) is to be paid to her. Otherwise
the provisions of my will are to remain unaffected by this codicil."

By a second codicil made on the same day, May 15th, 1903,
testatrix made the following provision:

"The sum of $10,000 to be given to Helen B. Rodman is not to en-
croach on at least thirteen thousand ($13,000) which is bequeathed to
my nieces Alice B. Frost and Jennet D. Blackwell in case the stocks
should decline in values."

The property in Bay City, Michigan, was sold during the life-
time of the testatrix. Miss Howard made these conveyances at
the request of the testatrix and her husband, William T. Black-
well. The money arising from the sale of said property was paid
to the testatrix.

By his answer the defendant William T. Blackwell expressly
waived any and all claim for debt or claim in the nature of debt
whether legal or equitable against the estate of the testatrix.
He also disclaimed any right to the sum of $10,000, mentioned
in the will, but did claim the income thereof for life; and Miss

Howard by her answer claimed the remainder therein after his death. The vice-chancellor sustained both claims except so far as the $13,000 should be impaired by paying Miss Howard in full.

*Mr. Gilbert Collins,* for the appellants.

*Mr. Theodore D. Durling* and *Messrs. James & Malcolm G. Buchanan,* for the respondents William T. Blackwell and Helen B. Howard-Rodman.

The opinion of the court was delivered by

PARKER, J.

We are unable to concur in the construction of this will and codicil that was adopted by the learned vice-chancellor. In the sixth paragraph of the will testatrix says plainly that she owes her husband a debt, and that to secure its payment she has conveyed the Bay City property to Miss Howard. She expects it to be sold in whole or part to pay that debt, and any part unsold, or if all be sold, any surplus of the proceeds after paying the debt is to go to the two nephews Birney and Frank Blackwell.

In the first codicil she says that the amount of the debt for which she transferred the property as security was $10,000. She has concluded that the nephews ought to have the Bay City property without impairment by reason of this debt, so she charges it on her estate at large by directing the executors to pay it, and on such payment, the pledge, being redeemed, is to go to the nephews intact.

The second codicil makes no change in this situation except to indicate that the "debt" to the husband is somewhat elastic in character, and to express the will of testatrix that (not to exceed $10,000) it shall be the amount available in the estate over a minimum of $13,000 intended for the nieces and given by way of remainder.

We think the theory that the $10,000 was a legacy to Miss Howard is untenable. If testatrix intended to give her a legacy

of that or any other amount, the appropriate language to effect this purpose would be the very simplest that it is possible to use in a will. The word "given," in the second codicil, is merely a loose use of language and must be read in connection with the preceding provisions.

The testamentary scheme is perfectly plain. The debt to the husband is to be first paid to his trustee; in full if the estate be $23,000 or over; if it be less than $23,000, the debt is scaled to the excess over $13,000. The nephews on payment of this get the Bay City property; and the residue of the estate is held to pay the husband an income for life with remainder over to the nieces. The fact that the Bay City property was sold in the lifetime of testatrix does not alter the rest of the scheme. The nephews are simply cut off. Helen B. Howard figures solely as a trustee for William T. Blackwell and has no beneficial interest as legatee or otherwise.

The decree of the court of chancery will be reversed and the record remitted to the end that a new decree be made in conformity with this opinion. The result makes it unnecessary to discuss the alleged failure of the "legacy" by sale of the property in testatrix's lifetime.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BOGERT, VREDENBURGH, CONGDON, WHITE, HEPPENHEIMER—12.